## L. D. SHELTON V. THE STATE.

No. 9435. Delivered November 18, 1925.

**1.—Murder—Evidence—Statement of Deceased—Improperly Excluded.**

Where, on a trial for murder, threats of deceased against appellant and his wife having been shown, it was error for the court to exclude testimony of the wife, that deceased, shortly prior to the homicide, had stated to appellant, and in the hearing of his wife, that he had a difficulty with a man in Wichita Falls a few months previous, and that he had cut the fellow open while he was drunk, and that he was in serious trouble over it. This testimony was very material in the light of deceased's threats and appellant's contention that deceased was advancing on his, appellant's, wife with a knife, when the fatal shot was fired.

**2.—Same—Continued.**

"It was not the reputation of deceased that was involved. It was his mental attitude toward the appellant, and the existence of reasonable grounds upon the part of appellant to dread him, and fear an attack from him. Under such circumstances, many instances are found in the books in which specific acts of violence by the deceased, known to the accused, may be proven." Following Messimer v State 222 S. W. 584, and other cases cited.

**3.—Same—Continued.**

"Appellant was not obliged to prove the acts were done in order to avail himself of the effect upon his mind of the specific acts of violence committed by the deceased, and coming to the appellant through the declarations of deceased. He might have supported them by the evidence of third parties who could relate first-hand knowledge of the acts of deceased", and such testimony would be admissible through a third party, as direct evidence.

Appeal from the Criminal District Court of Dallas County. Tried below before the Hon. Felix D. Robertson, Judge.

Appeal from a conviction of murder, penalty fifteen years in the penitentiary.

The opinion states the case.

*Chaney & Dailey* and *Baskett & DeLee,* for appellant.

*Shelby S. Cox,* District Attorney; *G. G. Pierson,* Assistant District Attorney; *Sam D. Stinson,* State's Attorney; *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

In support of the admissibility of statements made by deceased to appellant, shortly prior to the homicide, coming through appellant's wife, appellant cites:

Smith v. State, 195 S. W. 595.
Childers v. State, 30 Tex. Crim. Rep. 194.
Dodson v. State, 44 Tex. Crim. Rep. 20.
Branch's Ann. P. C., Sec. 2093 pp. 1174-5.

BAKER, JUDGE.—The appellant was convicted in the Criminal District Court of Dallas County of murder and his punishment assessed at fifteen years in the penitentiary.

The record in this case discloses that T. J. Ross and his family, the appellant, his wife, Tom Whitsel, and others, occupied an apartment house in the city of Dallas, on the date of the homicide. It was the contention of the State that the appellant, without cause and without provocation, shot said Ross, and the same bullet killed his child. It was the contention of the appellant that said Ross had threatened to kill him, appellant, and his wife, immediately before the shooting, and at the time of the shooting was attacking his wife with a knife, and that he shot him in her defense, and accidentally killed the child.

Appellant complains in his bill of exception No. 2 of the refusal of the court to permit him to prove by his wife a statement of the prosecuting witness, Ross, in his presence and hearing a short time prior to the homicide, in which said Ross stated that he had a difficulty with a man in Wichita Falls a few months previous, and that he had cut the fellow open while he was drunk, and that he was in serious trouble over it. The appellant contends that this testimony was very material to him and his defense, when taken together with the threats made by Ross towards him and his wife and other parties just prior to the homicide, and especially due to the fact that he had a knife in his hand and was advancing towards his wife in a threatening manner when he fired.

The court qualifies this bill by stating "that the proper predicate had not been laid with which to impeach the witness, Ross, the question not having been asked directly if he had made such statement to this witness."

We are of the opinion that the ruling of the court in this instance was error and that said testimony under the peculiar facts of this case should have gone to the jury. The appellant cites in support of his contention, Smith v. State, 195 S. W. 595; Childers v. State, 30 Tex. Cr. Rep. 194; Dodson v. State, 44 Tex. Cr. Rep. 20; Branch's P. C., Sec. 2093, pp. 1174-5 and many other authorities. We think the authorities cited clearly support his contention; and also in the case of Messimer v.

State, 222 S. W. 584, this court, through Presiding Judge Morrow, reaffirms the doctrine announced in the former decisions and states:

"It was not the reputation of the deceased that was involved. It was his mental attitude toward the appellant, and the existence of reasonable grounds upon the part of the appellant to dread him and fear an attack from him . . . . Under such circumstances many instances are found in the books in which the specific acts of violence by the deceased known to the accused, may be proved," citing many authorities.

In the same connection it is further stated:

"Appellant was not obliged to prove the acts were done in order to avail himself of the effect upon his mind of the specific acts of violence committed by the deceased, and coming to the appellant through the declarations of the deceased . . . . He might have supported them by the evidence of third parties who could relate first-hand knowledge of the acts of the deceased."

There are many authorities bearing on the admissibility of specific acts of the deceased when known to the appellant, that we could cite, but we deem it unnecessary in this instance. We do not believe that the court's qualification of the bill to the effect that the appellant was not asked while upon the stand concerning same was any reason why such testimony would be inadmissible.

Appellant complains of the action of the court in refusing to grant him a new trial on account of newly discovered evidence, but the disposition we have made of this case makes it unnecessary for us to discuss this, or any other questions raised on this appeal.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.